IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HERBERT LEE CAMPBELL,<br><br>Petitioner,<br><br>vs.<br><br>STEVEN D. BURNS, District Judge;<br><br>Respondent. | 8:19CV273<br><br>**MEMORANDUM<br>AND ORDER** |

This matter is before the court on Petitioner's Motion for Leave to Proceed in Forma Pauperis ("IFP"). (Filing No. 2.) Petitioner filed a pleading entitled "Verified Petition for Peremptory or Alternative Writ of Mandamus" in which he challenges his 2002 state criminal conviction. (Filing No. 1.)

The Prison Litigation Reform Act provides that a prisoner who "brings a civil action or files an appeal in forma pauperis ... shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). The Act does not define "civil action" for the purpose of the IFP statute, and neither excludes nor includes mandamus proceedings within its scope. *In re Tyler*, 110 F.3d 528, 529 (8th Cir. 1997). The Eighth Circuit Court of Appeals has found that the PLRA includes "a mandamus petition arising from an ongoing civil rights lawsuit . . . ." *Id.* The Court has not decided whether the PLRA applies to a mandamus petition when the underlying litigation is a civil habeas corpus proceeding. *Id.* Accordingly, because Petitioner's mandamus petition challenges his state criminal proceedings, the court will not apply the PLRA to Petitioner and he will not be required to pay the filing fee. Petitioner is warned that he may be subject to the PLRA and responsible for the full filing fee[1] if his mandamus petition seeks "relief sought in civil actions that

---

[1] If the PLRA was applied to Petitioner in this case, he would not be permitted to proceed in forma pauperis unless he was in imminent danger of serious physical injury as he is subject to

are covered by the PLRA." *See Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048, 1059 (9th Cir. 2016) (quoting *In re Nagy*, 89 F.3d 115, 117 n.1 (2d Cir. 1996)); *see also Martin v. United States*, 96 F.3d 853, 854-55 (7th Cir. 1996) ("A petition for mandamus in a criminal proceeding is not a form of prisoner litigation. . . . It is a procedural step in the criminal litigation, like an interlocutory or final appeal or a civil contempt proceeding against a witness."); *In re Grant*, 635 F.3d 1227, 1230 (D.C. Cir. 2011) (applying PLRA to mandamus petitions when the underlying action is civil); *In re Stone*, 118 F.3d 1032, 1033–34 (5th Cir. 1997) (same); *In re Tyler*, *supra* (same); *cf. Madden v. Myers*, 102 F.3d 74, 76–77 (3d Cir. 1996) (holding that mandamus actions are categorically not "civil actions"). *But see Green v. Nottingham*, 90 F.3d 415, 417–18 (10th Cir. 1996).

IT IS THEREFORE ORDERED that: Petitioner's Motion for Leave to Proceed in Forma Pauperis (Filing No. 2) is granted.

Dated this 15th day of July, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge

---

the "three strikes" rule in 28 U.S.C. § 1915(g). (*See* Filing No. 12, Case No. 4:19CV3026 (determining Petitioner has three "strikes").)