IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

HERBERT LEE CAMPBELL,

　　　　　　Petitioner,

vs.

STEVEN D. BURNS, District Judge;

　　　　　　Respondent.

8:19CV273

MEMORANDUM
AND ORDER

Petitioner Herbert Lee Campbell ("Petitioner" or "Campbell") filed a Petition for Writ of Mandamus on June 24, 2019. (Filing No. 1.) He has been given leave to proceed in forma pauperis. (Filing No. 7.) The court now conducts an initial review of Petitioner's Petition to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. SUMMARY OF PETITION

Campbell alleges he has been incarcerated since May 23, 2002, pursuant to a sentencing order entered by Respondent Judge Steven D. Burns ("Judge Burns") in Lancaster County District Court Case No. CR01-288. (Filing No. 1.) Campbell was found to be a habitual criminal and was sentenced to four terms of 25 to 30 years' imprisonment and four terms of 10 to 10 years' imprisonment. Campbell claims "the May 23, 2002 sentencing order was void as a violation of the due process of law because the district court had no legal basis upon which to impose a sentence without an adjudication of guilt." (*Id*. at CM/ECF p. 4.) Specifically, Campbell claims the judgment is void because the record in his criminal case does not contain a signed and file-stamped journal entry and order dated March 21, 2002, showing that Judge Burns rendered a judgment of conviction.

Campbell asks this court to "issue a peremptory or alternative writ of mandamus directing the Lancaster County District Court, Judge Steven D. Burns, to (1) immediately vacate its order of May 23, 2002, and (2) immediately issue a[n] order discharging Campbell from the custody of the Nebraska Department of Correctional Services." (*Id.* at CM/ECF p. 6.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

## III. DISCUSSION

Campbell asks this court to issue a writ of mandamus compelling a state district court judge to vacate Campbell's criminal conviction and sentence and release him from custody. A federal district court is authorized to issue writs of mandamus or other extraordinary writs only in aid of its jurisdiction, either existing or potential. *See* 28 U.S.C. § 1651(a); *Middlebrooks v. Thirteenth Judicial Dist. Circuit Court, Union Cnty.*, 323 F.2d 485, 486 (8th Cir. 1963). The writ of

mandamus is an extraordinary remedy, and therefore must be issued only in extraordinary circumstances. "In order to insure that the writ will issue only in extraordinary circumstances [the United States Supreme Court] has required that a party seeking issuance have no other adequate means to attain the relief he desires, and that he satisfy the burden of showing that his right to issuance of the writ is clear and indisputable." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980) (citations and internal quotations omitted).

The actions of the named respondent in the instant case are not within the jurisdiction of this court. *See Middlebrooks*, 323 F.2d at 486. Specifically, this court has no authority to compel action by state officers, including state judicial officers. *See* 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee *of the United States or any agency thereof* to perform a duty owed to the plaintiff") (emphasis added); *see also Veneri v. Circuit Court of Gasconade Cnty.*, 528 F.Supp. 496, 498 (E. D. Mo. 1981) ("[I]t is well settled that federal courts have no superintending control over and are without authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties."). Therefore, the court will dismiss this action for lack of jurisdiction.

Even if this court could exercise jurisdiction over Campbell's Petition, Campbell has not identified any extraordinary circumstance entitling him to mandamus relief and cannot satisfy the burden of showing he has a clear and indisputable right to issuance of a writ of mandamus. Contrary to Campbell's assertions, a signed, file-stamped journal entry and order of a *finding of guilt* is not required by Neb. Rev. Stat. § 25-1301[1] for a valid final *judgment* in a criminal

---

[1] Neb. Rev. Stat. § 25-1301 provides, in relevant part:

> (2) Rendition of a judgment is the act of the court, or a judge thereof, in signing an order of the relief granted or denied in an action.
> (3) The entry of a judgment, decree, or final order occurs when the clerk of the court places the file stamp and date upon the judgment, decree, or final order.

case. Under Nebraska law, "[a] final judgment in a criminal action is not the conviction, but the sentence imposed thereon. A finding of guilty is a conviction, but it is not a judgment or a final order . . . ." *State v. Engleman*, 560 N.W.2d 851, 857 (Neb. Ct. App. 1997) (citations omitted). In *Engleman*, the Nebraska Court of Appeals held there was no valid finding of guilt where the record contained "no oral pronouncement of guilt, no journal entry, and no notation made on the trial docket finding [the defendant] guilty." *Id.* at 856.

Here, the court is aware from an examination of its own records that Judge Burns orally pronounced Campbell guilty of all eight counts for which he was sentenced. (*See* Filing No. 1 at CM/ECF p. 24, Case No. 4:12CV3174 (partial transcript from *State v. Campbell*, No. CR01-288, District Court of Lancaster County, Nebraska, filed by Campbell as attachment to his petition).) In addition, a search of Campbell's state court case records, available to this court online,[2] reveals a "Judge's Note" dated March 21, 2002, attributed to Judge Burns stating the court found Campbell guilty beyond a reasonable doubt on each of the eight counts. The court takes judicial notice of its own records as well as the records in *State v. Campbell*, No. CR01-288, District Court of Lancaster County, Nebraska. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records). Thus, unlike in *Engleman*, a valid finding of guilt was rendered prior to Judge Burns sentencing Campbell and entering a signed, file-stamped judgment on May 23, 2002. (*See* Filing No. 1 at CM/ECF pp. 8–10.)

Moreover, as the court has previously informed Campbell, (*see* filing no. 8, Case No. 4:12CV3174), he cannot utilize a purported "Petition for Writ of Mandamus" to assert claims relating to his May 2002 state felony convictions in an

---

[2] Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi.

attempt to circumvent the restrictions on second or successive habeas petitions[3] set forth in the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). *See* 28 U.S.C. § 2244(b)(3) (setting out restrictions on second or successive habeas petitions). Indeed, a habeas petition filed pursuant to 28 U.S.C. § 2254 "is the only means by which 'a person in custody pursuant to the judgment of a State court' may raise challenges to the validity of his conviction or sentence or to the execution of his sentence." *Singleton v. Norris*, 319 F.3d 1018, 1023 (8th Cir. 2003) (citing *Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001)). If Campbell seeks to invalidate his state convictions, then he must do so through a habeas petition filed pursuant to 28 U.S.C. § 2254, and he also must seek and receive permission from the Eighth Circuit Court of Appeals to file a successive petition.

IT IS THEREFORE ORDERED that:

1. The Petition for Writ of Mandamus (filing no. 1) is dismissed without prejudice for lack of jurisdiction and for failure to state a claim.

2. Campbell's "Application for Leave to Commence an Original Action," docketed as a motion (filing no. 5), is denied as moot.

---

[3] Plaintiff has previously filed numerous habeas actions in this court to challenge his convictions and sentences. *See* Case No. 4:02CV3273 (dismissed without prejudice on January 23, 2003, for failure to exhaust state court remedies); Case 4:04CV3226 (dismissed without prejudice on July 12, 2004, for failure to exhaust state court remedies); Case No. 4:05CV3081 (dismissed with prejudice on November 2, 2005); Case No. 4:08CV3092 (dismissed without prejudice on November 3, 2009, as successive petition); Case No. 8:09CV252 (dismissed without prejudice on February 25, 2010, as successive petition); Case No. 4:10CV3054 (dismissed without prejudice on April 28, 2010, as successive petition); Case No. 4:12CV3174 (petition for writ of mandamus construed as successive petition for writ of habeas corpus and dismissed without prejudice on October 2, 2012); Case No. 4:13CV3102 (dismissed without prejudice on June 3, 2013, as successive petition); Case No. 4:13CV3164 (dismissed without prejudice on September 24, 2013, as successive petition); Case No. 4:13CV3217 (dismissed without prejudice on April 8, 2014, as successive petition); and Case No. 4:15CV3110 (dismissed without prejudice on March 2, 2016, as successive petition).

3. A separate judgment will be entered in accordance with this Memorandum and Order.

Dated this 15th day of July, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge